UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHARLES CAGLE, an individual,
on behalf of himself and all others
similarly situated,

       Plaintiff,

vs.                                              **CLASS ACTION**

PROCOLLECT, INC., a Texas
corporation,

       Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Charles Cagle, an individual, on behalf of himself and all others similarly situated, sues Defendant, ProCollect, Inc., a Texas corporation, and alleges:

**I. PRELIMINARY STATEMENT**

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

**III. ALLEGATIONS AS TO PARTIES**

3. Plaintiff, Charles Cagle ("Mr. Cagle"), is *sui juris* and a resident of Broward County, Florida.

4. At all times material hereto, Defendant, ProCollect, Inc. ("ProCollect"), was a Texas corporation, doing business in Broward County, Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Broward County, Florida.

## IV.   FACTUAL ALLEGATIONS

6. For an extended period of time, Defendant acted as the debt collector for various residential rental apartment complex owners in the State of Florida, including but not necessarily limited to Jacksonville Student Housing, LLC, a Delaware limited liability company ("JSH").

7. In the course of its representation of the various apartment properties, Defendant regularly collected or attempted to collect monies from consumers for delinquent rent payments and fees under lease agreements ("Apartment Fees").

8. On or about August 13, 2016, Mr. Cagle entered into a Student Housing Lease Contract with JSH to rent a student apartment for the use of his son in college.

9. On or about August 2, 2017, Defendant sent or caused to be sent to Mr. Cagle written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Apartment Fees purportedly owed by Mr. Cagle to the Apartment ("Collection Communication").

10. A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

11. The Collection Communication provided stated, *inter alia*, as follows:

> **Please note that Federal law gives you thirty (30) days from the date you receive this letter to dispute the validity of the above-referenced debt, or any portion thereof. If you do not dispute the debt within the foregoing thirty (30) day period, we will**

2

      **assume the debt is valid. If you notify us in writing within the foregoing 30-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, if applicable, and mail the same to you. <u>In this same written notice, you may also ask us to provide you with the name and address of the original creditor,</u> if it is different from the current Creditor referenced above.**

                       (emphasis by Plaintiff).

## V. DEFENDANT'S PRACTICES

12. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

## VI. CLASS ACTION ALLEGATIONS

13. This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

14. Plaintiff alleges on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

15. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue

3

common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA by failing to provide a validation notice which complied with the requirements of 15 U.S.C. §1692g.

16. Mr. Cagle's claim is typical of those of the class members. All are based on the same facts and legal theories.

17. Mr. Cagle will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

18. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

20. Mr. Cagle requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. ALLEGATIONS OF LAW

21. At all times material hereto, Mr. Cagle was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

22. At all times material hereto, JSH and the other owners of apartment complexes were each a "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

23. At all times material hereto, the Apartment Fees purportedly owed to JSH and the other owners of apartment complexes were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

24. At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

25. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. The conduct of Defendant violated the FDCPA, 15 U.S.C.§1692, *et sequi*, including but not limited to the failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g. In particular, the Defendant improperly required consumers to dispute consumer debts in order to obtain the name and address of the original creditor in a manner contrary to 15 U.S.C. §1692g(a)(5).

27. As a result of Defendant's conduct, Plaintiff and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA. Accordingly, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

28. Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Charles Cagle, an individual, on behalf of himself and all others similarly situated, requests judgment be entered in his favor and in favor of the class against Defendant, ProCollect, Inc., a Texas corporation:

    A. Declaratory judgment that Defendant's Exhibit "A" violates the FDCPA;

    B. Statutory damages pursuant to 15 U.S.C. §1692k;

    C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

    D. Such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Charles Cagle, an individual, on behalf of himself and all others similarly situated, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 9th day of November, 2017.

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com

*Counsel for Plaintiff*